No. 7, original. WISCONSIN ET AL. *v.* ILLINOIS ET AL;
No. 11, original. MICHIGAN *v.* SAME; and
No. 12, original. NEW YORK *v.* SAME. April 21, 1930.

DECREE. Announced by MR. JUSTICE HOLMES. (The CHIEF JUSTICE took no part.)

These causes came on to be heard upon the pleadings, evidence, and the exceptions filed by the parties to the Report of the Special Master, as well as on the exceptions filed to the Report of the Special Master on Re-reference, and were argued by counsel. The Court now being fully advised in the premises, and for the purpose of carrying into effect the conclusions set forth in the opinions of this Court announced January 14, 1929, 278 U. S. 367, and April 14, 1930 [*ante,* p. 179],

It is now here ordered, adjudged, and decreed as follows:

1. On and after July 1, 1930, the defendants, the State of Illinois and the Sanitary District of Chicago, their employees and agents, and all persons assuming to act under the authority of either of them, be and they hereby are enjoined from diverting any of the waters of the Great Lakes-St. Lawrence system or watershed through the Chicago Drainage Canal and its auxiliary channels or otherwise in excess of an annual average of 6,500 cubic feet per second in addition to domestic pumpage.

2. That on and after December 31, 1935, unless good cause be shown to the contrary, the defendants, the State of Illinois and the Sanitary District of Chicago, their employees and agents, and all persons assuming to act under the authority of either of them, be and they hereby are

enjoined from diverting any of the waters of the Great Lakes-St. Lawrence system or watershed through the Chicago Drainage Canal and its auxiliary channels or otherwise in excess of an annual average of 5,000 cubic feet per second in addition to domestic pumpage.

3. That on and after December 31, 1938, unless good cause be shown to the contrary, the defendants, the State of Illinois and the Sanitary District of Chicago, their employees and agents, and all persons assuming to act under the authority of either of them, be and they hereby are enjoined from diverting any of the waters of the Great Lakes-St. Lawrence system or watershed through the Chicago Drainage Canal and its auxiliary channels or otherwise in excess of the annual average of 1,500 cubic feet per second in addition to domestic pumpage.

4. That the provisions of this decree as to the diverting of the waters of the Great Lakes-St. Lawrence system or watershed relate to the flow diverted by the defendants exclusive of the water drawn by the City of Chicago for domestic water supply purposes and entering the Chicago River and its branches or the Calumet River or the Chicago Drainage Canal as sewage. The amount so diverted is to be determined by deducting from the total flow at Lockport the amount of water pumped by the City of Chicago into its water mains and as so computed will include the run-off of the Chicago and Calumet drainage area.

5. That the defendant the Sanitary District of Chicago shall file with the clerk of this Court semi-annually on July first and January first of each year, beginning July first, 1930, a report to this Court adequately setting forth the progress made in the construction of the sewage treatment plants and appurtenances outlined in the program as proposed by the Sanitary District of Chicago, and also setting forth the extent and effects of the operation of the sewage treatment plants, respectively, that

shall have been placed in operation, and also the average diversion of water from Lake Michigan during the period from the entry of this decree down to the date of such report.

6. That on the coming in of each of said reports, and on due notice to the other parties, any of the parties to the above entitled suits, complainants or defendants, may apply to the Court for such action or relief, either with respect to the time to be allowed for the construction, or the progress of construction, or the methods of operation, of any of said sewage treatment plants, or with respect to the diversion of water from Lake Michigan, as may be deemed to be appropriate.

7. That any of the parties hereto, complainants or defendants, may, irrespective of the filing of the above-described reports, apply at the foot of this decree for any other or further action or relief, and this Court retains jurisdiction of the above-entitled suits for the purpose of any order or direction, or modification of this decree, or any supplemental decree, which it may deem at any time to be proper in relation to the subject matter in controversy.

And it is further ordered that the costs in these cases shall be taxable against the defendants.