WISCONSIN, MINNESOTA, OHIO, AND PENN-
SYLVANIA *v.* ILLINOIS AND THE SANITARY
DISTRICT OF CHICAGO ᴇᴛ ᴀʟ.*

MICHIGAN *v.* ILLINOIS AND THE SANITARY
DISTRICT OF CHICAGO ᴇᴛ ᴀʟ.

NEW YORK *v.* ILLINOIS AND THE SANITARY
DISTRICT OF CHICAGO ᴇᴛ ᴀʟ.

Nos. 2, 3, and 4, Original.   Order entered November 25, 1940.

## ORDER.

Upon consideration of the motion of the States of Wisconsin, Minnesota, Ohio, Pennsylvania, Michigan, New York, and Illinois, and in accordance with the following stipulation:

"Whereas, the State of Illinois contends that also during the period intervening between the effective date of the decree and since then substantial amounts of flocculent active sludge and sewage sludge have accumulated in the Brandon Road Pool and that the existence of such accumulation also adds to the menace of the health of the persons living adjacent thereto (which contention is denied by the respondent Great Lakes States) and,

Whereas, the Special Master in the above captioned causes, the Honorable Monte M. Lemann, before the close of the hearings, suggested that the Attorney General of the State of Illinois and the Attorneys General of the States of Wisconsin, Minnesota, Ohio, Pennsylvania, Michigan and New York (hereinafter referred to as the opposing Great Lakes States) consider the mak-

---

*For the opinion and decree in these cases, see 281 U. S. 179, 696; see also, 309 U. S. 569, 636.

ing of an agreement to permit a temporary increase in diversion from 1500 cubic second feet plus domestic pumpage now authorized by the decree of the United States Supreme Court of April 21, 1930, to 10,000 cubic second feet plus domestic pumpage of water from Lake Michigan through the Chicago Sanitary Canal for one continuous period of ten days so as to scour out the Brandon Road Pool at Joliet, Illinois, and attempt to remove whatever flocculent active sludge and sewage sludge may have accumulated in said pool, and

Whereas, the Special Master suggested that any such agreement between the State of Illinois and the opposing Great Lakes States would be without prejudice to any of the parties to the above captioned causes, and would be solely for the purpose of trying by this means to remove whatever flocculent active sludge deposits and sewage sludge may have accumulated in the Brandon Road Pool by reason of the introduction of untreated sewage and sludge from treated sewage. Nothing in this stipulation shall be construed as an admission by the opposing Great Lakes States as in any manner or form whatsoever waiving, abandoning or prejudicing any of the positions of the opposing Great Lakes States hereinbefore stated or at any time taken in these causes or in the course of the present hearings; and said opposing Great Lakes States hereby affirm and again advance each and every contention and allegation set forth in the return of Wisconsin, Minnesota, Ohio, Pennsylvania, Michigan and New York as respondents to rule to show cause issued on application of the State of Illinois, as Petitioner, for a temporary modification of Paragraph 3 of the Decree of April 21, 1930, filed in this Court on February 26, 1940; and said opposing Great Lakes States again deny each and every allegation contained in the Petition of

the State of Illinois herein, filed in this Court on January 15, 1940, and deny the positions taken during the course of the present hearings by Illinois, and,

Whereas, it is further understood that the State of Illinois does not by reason of this stipulation or motion or test in any manner or form waive, abandon or prejudice any of its positions at any time stated or taken in this proceeding, and the State of Illinois hereby affirms and again advances each and every contention and allegation set forth in its petition, and it is not to be construed as an admission by the State of Illinois that such temporary increase in diversion of water for a period of ten days will either remedy or ameliorate effectively the conditions in Brandon Pool which Illinois contends have constituted the alleged menace to health complained of, and,

Whereas, it is the position of the opposing Great Lakes States that any accumulation of sewage wastes and sludge in the Brandon Road Pool since the decree of the United States Supreme Court went into full operation on December 31, 1938, has not created any nuisance condition either from the standpoint of public health, navigation or in any other way, and that such temporary increase in diversion is in no wise necessary to protect the interests of public health or navigation, and

Whereas, the opposing Great Lakes States are nevertheless, in a spirit of conciliation and accommodation, willing to enter into the agreement suggested by the Special Master upon the express condition—(a) that such agreement shall not be construed as in any way waiving, abandoning or prejudicing any of the positions of the opposing Great Lakes States hereinbefore stated or at any time taken in these causes or in the course of the present hearing; (b) that nothing in this

stipulation nor the fact of the consent of the opposing Great Lakes States to such temporary expedient shall be construed as an admission or evidence of any claim of the State of Illinois or the Sanitary District of Chicago in the premises and shall not be used as a precedent for any future request for any additional temporary diversion over and above the amounts fixed by the decree of April 21, 1930.

Now, THEREFORE, IT IS STIPULATED AND AGREED by and between the parties to the above captioned causes, by their respective counsel, that a temporary increase in diversion from 1500 cubic second feet plus domestic pumpage now authorized by the United States Supreme Court decree of April 21, 1930, to 10,000 cubic second feet plus domestic pumpage of water from Lake Michigan through the Chicago-Sanitary Canal may be authorized for one continuous period of ten days for the pupose of trying to remove whatever flocculent active sludge deposits and sewage sludge may have accumulated in the said Brandon Road Pool. It is understood that a record of said operation will be made and the results thereof incorporated in the record of the hearing.

IT IS FURTHER STIPULATED AND AGREED that any such agreement will be without prejudice to any party to the above captioned causes and that such agreement is not to be used as a precedent for any future request for additional temporary diversion in excess of the amounts fixed by the United States Supreme Court Decree of April 21, 1930.

IT IS FURTHER STIPULATED AND AGREED that a motion in accordance with this stipulation may be filed with the United States Supreme Court and that an order in accordance with the terms of this stipulation may

thereupon be entered by said Court without notice to any of said parties.

STATE OF ILLINOIS,

By JOHN E. CASSIDY,

*Attorney General of the State of Illinois.*

STATES OF WISCONSIN, MINNESOTA,

OHIO, PENNSYLVANIA, MICHIGAN,

AND NEW YORK,

By HERBERT H. NAUJOKS,

*Special Assistant to Attorneys General.*

Dated this 31st day of October, 1940."

It is ordered that the Sanitary District of Chicago be and it hereby is authorized to increase its diversion of water from the Great Lakes-St. Lawrence System or watershed through the Chicago Drainage Canal from 1,500 cubic feet per second in addition to domestic pumpage to 10,000 cubic feet per second in addition to domestic pumpage for one continuous period of ten days from an appropriate hour on December 2, 1940, to the same hour on December 12, 1940, after which period all the provisions of the decree entered April 21, 1930, 281 U. S. 696, shall be and remain in full force and effect until further order of this Court.